**TOWN OF STRATFORD, CONNECTICUT,**
Petitioner

v.

**FEDERAL AVIATION ADMINISTRATION and Jane F. Garvey, Administrator, Respondents**

No. 99–1507.

United States Court of Appeals, District of Columbia Circuit.

Filed June 11, 2002.

Before: ROGERS and GARLAND, Circuit Judges and SILBERMAN, Senior Circuit Judge.

Opinion for the Court filed by Senior Circuit Judge SILBERMAN.

SILBERMAN, Senior Circuit Judge:

The Town of Stratford petitions for rehearing, raising three concerns. The first appears to relate to the timing of our decision. When the case was originally argued in October 2000 we were taken aback to learn that part of the property subject to the FAA's challenged approval of the Airport Master Plan was under the Army's control and the Army had not yet taken actions to dispose of the property. It seemed to us, accordingly, that considerations of prudential ripeness suggested that we withhold our decision and opinion unless and until the Army finally decided to release its portion of the property to be used for the airport improvement. On October 10, 2000, we issued an order holding the case in abeyance until such an occurrence. The Army issued its decision on October 25, 2001, and, pursuant to our October 10 order, the parties submitted supplemental briefs on ripeness as well as petitioner's standing, which also troubled us.

On April 5, 2002 (four months after the supplemental briefs were submitted), we received a letter from a line attorney in the Justice Department, presumably representing both the Transportation and Defense Departments, enclosing a terse memorandum from a Deputy Assistant Secretary of the Army indicating he was withdrawing the October 25, 2001 decision for reevaluation. The Justice Department attorney suggested that, in accordance with our earlier concerns, we might think the case no longer ripe and we might "place the case on hold" until the Army issued another decision. Or, we could dismiss the petition without prejudice, allowing Stratford to refile if and when the Deputy Assistant Secretary of the Army made up his mind and issued a new decision.

When we received this latest extraordinary letter from the government's counsel the opinion was already in galleys—scheduled to issue on April 9. We decided that prudential concerns suggested that we ignore the latest twist in this saga and simply let the opinion issue.

█ Now comes petitioner, who argued all along that the case was ripe and *who still maintains the case is ripe*, to argue that the case is ripe not for the reason we gave but for another reason. We are utterly baffled; we cannot imagine why anyone would petition the court for *en banc* review of an issue decided in its favor; indeed, a party typically lacks standing to challenge the reasoning of a tribunal that decides in its favor. *See, e.g.*, *OXY U.S.A., Inc. v. FERC*, 64 F.3d 679, 689 (D.C.Cir.1995) (citing *Showtime Networks, Inc. v. FCC*, 932 F.2d 1, 4 (D.C.Cir. 1991)). Be that as it may, since our ripe-

ness concern was a prudential one—we did not wish to devote judicial resources when it might not be necessary—it, obviously, was obviated once we had prepared our opinion.

■ Petitioner's second concern is our holding that it lacked prudential standing to assert the FAA's alleged violation of NEPA. Our opinion noted that petitioner did not assert any environmental injury—such as traffic congestion leading to increased pollution—that might give them standing. Petitioner insists that in its original brief it did refer generally to "damage to surrounding wetlands." But it never explained what it meant and in its supplemental brief the following year, in which we had specifically directed the parties to address issues of standing and ripeness, it never mentioned an environmental injury. It is simply too late now to attempt to supply that which petitioner explicitly was asked to show in the fall of 2001.

Finally, and perhaps most surprising, petitioner asserts that we erred in applying *Chevron* deference to the FAA's interpretation of 49 U.S.C. § 47106(c). *See Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). That statutory section requires the Secretary of Transportation to obtain a certification from the Governor of an affected state that "an airport development projection involving the location of an airport or runway or a major runway extension" will meet applicable air and water quality standards. Furthermore, the Secretary himself, if he finds that the project will have a significant adverse affect on the environment, may approve the application only if there is no possible and prudent alternative.

■ The government, claiming *Chevron* deference, interpreted "location" of a runway not to apply to a minor runway shift

that kept the same compass bearing and produced no additional noise impacts. Paradoxically, petitioner also contended in its reply brief that *Chevron* governed, but argued that the FAA's interpretation failed *Chevron* step one. We concluded that the word location was ambiguous and deferred to the Department's interpretation. Petitioner now points out, for the first time, that the government's interpretation was adopted, not by regulation or through adjudication, but in litigation (although inferentially based on its Airport Environmental Handbook). Therefore, under *Christensen v. Harris County*, 529 U.S. 576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), and *United States v. Mead Corp.*, 533 U.S. 218, 221, 226–27, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001), that interpretation is only entitled to *Skidmore* "deference" not *Chevron*. *See Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944). *Christensen* had been decided when petitioner's brief was filed, yet petitioner ignored the case, and neither party ever called our attention in a 28(j) letter to the intervening *Mead* decision's potential impact on the case. (For that matter, the petition for rehearing does not acknowledge that petitioner not only neglected to challenge *Chevron*'s applicability before, but in fact relied on it.)

We think it is too late—at the petition for rehearing stage—for a party to raise a new question as to the proper scope of judicial review. In any event, even granting more limited *Skidmore* deference to the FAA, we think its interpretation of location is the better one.

Accordingly, the petition for rehearing is denied.